1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ALEXANDER BOYD, | Case No. EDCV 13-1282-JVS (DTB) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| COUNTY OF RIVERSIDE, ET AL, | |
| Defendants. | |

Plaintiff, a pretrial detainee, currently incarcerated at the Southwest Detention Center in Murrieta, California filed this pro se action on August 3, 2013. The gravamen of plaintiff's claims is that defendants broke into a private dwelling, caused property damage, beat, kicked and spit on plaintiff, used deadly force, and planted drugs on plaintiff while using racial slurs. Plaintiff further claims that the defendants wrongfully accused plaintiff of crimes, and failed to protect plaintiff from false prosecution. (Complaint at 5.)

Plaintiff specifically alleges that on May 23, 2011, plaintiff was taken from Southwest Justice Center to a nearby hospital for a medical emergency and a bench warrant was issued for plaintiff's arrest. Plaintiff alleges that defendants

1

1  subsequently located him at a residence, which was not listed on the bench warrant.

2  Defendants thereafter illegally entered the residence, planted drugs on plaintiff, used

3  deadly force upon him, and caused property damage to the residence. (Id.)

4      The Complaint purports to be brought pursuant to 42 U.S.C. § 1983.  Named

5  in the Complaint as defendants in their individual and official capacities are: Absolute

6  Fugitive Recovery Agency ("AFRA"); three AFRA employees: Malina Click

7  ("Click"), Benjamin Conway ("Conway"), and Benjamin Conway, Jr. ("Conway Jr.");

8  County of Riverside ("County"), Riverside County Sheriff's employees: Mike

9  Giammona ("Giammona"), Deputy Thurman ("Thurman") and Captain Mayman;

10  Riverside County District Attorneys Kristen Buie ("Buie"), Tara Foy ("Foy"), and

11  Nicole Marian ("Marian"); Riverside County Public Defenders Paulette Norman

12  ("Norman"), Alexa Trichel ("Trichel"), and Monica Nguyen ("Nguyen"); Riverside

13  County Superior Court Judges John D. Malloy ("Malloy"), Rafael A. Arreloa, Retired

14  ("Arreloa"), Charles Morgan, Retired ("Morgan"), Edward D. Webster, Retired

15  ("Webster"), Christian F. Thierbach ("Thierbach"), Roger A. Luebs, Retired

16  ("Luebs"), and Janet I. Kinter ("Kinter").

17      Plaintiff purports to be seeking compensatory and punitive damages against all

18  defendants.

19      In accordance with the terms of the "Prison Litigation Reform Act of 1995,"

20  the Court now has screened the Complaint prior to ordering service for purposes of

21  determining whether the action is frivolous or malicious; or fails to state a claim on

22  which relief may be granted; or seeks monetary relief against a defendant who is

23  immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. §

24  1997e(c)(1).

25      The Court's screening of the Complaint under the foregoing statutes is

26  governed by the following standards.  A complaint may be dismissed as a matter of

27  law for failure to state a claim for two reasons:  (1) Lack of a cognizable legal theory;

28  or (2) insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica

1  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint
2  states a claim on which relief may be granted, allegations of material fact are taken
3  as true and construed in the light most favorable to the plaintiff.  See Love v. United
4  States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Moreover, since plaintiff is appearing
5  pro se, the Court must construe the allegations of the Complaint liberally and must
6  afford plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police
7  Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  However, "the liberal pleading standard
8  ... applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319,
9  330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  "[A] liberal interpretation of a
10  civil rights complaint may not supply essential elements of the claim that were not
11  initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir.
12  1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982)).

13       Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and
14  complete statement of the claim showing that the pleader is entitled to relief."  As the
15  Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket
16  assertion, of entitlement to relief," and that "a plaintiff's obligation to provide the
17  'grounds' of his 'entitlement to relief requires more than labels and conclusions, and
18  a formulaic recitation of the elements of a cause of action will not do. . . . Factual
19  allegations must be enough to raise a right to relief above the speculative level." See
20  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed.
21  2d 929 (2007) (internal citations omitted).  Where the allegations in a complaint "do
22  not permit the court to infer more than the mere possibility of misconduct, the
23  complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to
24  relief'." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937; 173 L. Ed. 2d 868
25  (2009), quoting Fed. R. Civ. P. 8(a)(2).  Thus, plaintiff must allege a minimum factual
26  and legal basis for each claim that is sufficient to give each defendant fair notice of
27  what plaintiff's claims are and the grounds upon which they rest.  See, e.g., Brazil v.
28  United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v.

3

Block, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, failure to comply with Rule 8(a)
constitutes an independent basis for dismissal of a complaint that applies even if the
claims in a complaint are not found to be wholly without merit.  See McHenry v.
Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651
F.2d 671, 673 (9th Cir. 1981).

     After careful review and consideration of the Complaint under the foregoing
standards, the Court finds that it suffers from the pleading deficiencies discussed
below.  Accordingly, the Complaint is dismissed with leave to amend.  See Noll v.
Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be
given leave to amend his complaint unless it is absolutely clear that the deficiencies
of the complaint cannot be cured by amendment).  If plaintiff still desires to pursue
this action, he is ORDERED to file a First Amended Complaint within thirty (30)
days of the date of this Order remedying the deficiencies discussed below.

## DISCUSSION

**I.**   **Plaintiff's allegations are insufficient to state a § 1983 claim for monetary
damages against any of the named defendants in their official capacities.**

     The Supreme Court has held that an "official-capacity suit is, in all respects
other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473
U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt,
469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los
Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (as amended).  Such a suit "is not a suit
against the official personally, for the real party in interest is the entity." Graham,
473 U.S. at 166 (emphasis in original).  For purposes of plaintiff's federal civil rights
claims, that entity is the County of Riverside ("Riverside").

     A local government entity such as Riverside, including a county department,
such as the Riverside County Sheriff's Department ("RCSD"), "may not be sued
under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is

4

only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>See</u> <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Thus, Riverside may not be held liable for the alleged actions of its employees, including police officers, unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." <u>See Monell</u>, 436 U.S. at 690-91; <u>see also</u> <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Here, plaintiff has failed to identify any policy statements of Riverside or any Riverside County Sheriff's Department regulations, or officially adopted or promulgated decisions, the execution of which by Riverside County Sheriff's Department officers or employees allegedly led to the infliction of the injuries about which he is complaining.  Thus, to the extent the Complaint names any of the individual defendants in their official capacities, it fails to state a cause of action.  As such, it must be dismissed.

## II.      **Defendants Buie, Foy, and Marian are immune from suit pursuant to the doctrine of prosecutorial immunity.**

The law is well established that prosecutors are entitled to absolute immunity from federal civil rights claims.  <u>See</u>, <u>e.g.</u>, <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); <u>Sykes v. State of Cal. (Dept. of Motor Vehicles)</u>, 497 F.2d 197, 200 (9th Cir. 1974).  This immunity applies even if it "does leave the genuinely wronged defendant without civil redress against a prosecutor whose

malicious or dishonest action deprives him of liberty." <u>See</u> <u>id.</u>   Moreover, the immunity extends to all "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." <u>See</u> <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993).   Thus, for example, in <u>Imbler</u>, the Supreme Court held that prosecutors were immune from claims that they had knowingly used false testimony at trial, had deliberately suppressed exculpatory evidence, and had prosecuted the defendant with knowledge that he had been "cleared" by a lie detector test. <u>See</u> <u>Imbler</u>, 424 U.S. at 416; <u>see also</u>, <u>e.g.</u>, <u>Burns v. Reed</u>, 500 U.S. 478, 492, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (holding that the prosecutor's conduct in appearing in court in support of an application for a search warrant and in presenting evidence at that hearing was protected by absolute immunity); <u>Radcliffe v. Rainbow</u> <u>Const. Co.</u>, 254 F.3d 772, 781-82 (9th Cir. 2001) (holding that prosecutor's conduct in sending plaintiff a letter informing him that he had been charged with trespass and directing him to present himself at the police station for arrest and booking under the threat of a bench warrant was protected by absolute immunity).   The Supreme Court also has held that prosecutors are immune even from "administrative" failures if they are directly connected with the conduct of a trial, including supervision and training on impeachment-related information and the creation of information management systems relating to such evidence.   <u>See</u> <u>Van de Kamp v. Goldstein</u>, – U.S. –, 129 S. Ct. 855, 172 L. Ed 2d 706 (2009).   Even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony, and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.   <u>See</u> <u>Stevens v. Rifkin</u>, 608 F. Supp. 710, 728 (N.D. Cal. 1984).   Nor does it make any difference if the plaintiff is alleging that the prosecutors were engaged in a conspiracy to violate his civil rights. <u>See</u> <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1078 (9th Cir. 1986) (as amended).

/ / /

1   Here, the Complaint alleges that defendants Buie, Foy, Marian, Norman,
2   Trichel and Nguyen conspired with the district attorney's office to keep exculpatory
3   evidence from plaintiff during the preliminary hearing; that they have conspired to
4   continue to prosecute plaintiff although he has been sentenced and released for
5   charges in Case No. RIF 10002905; and that they continue to "pad" plaintiff's file
6   with falsified documents and pictures to promote a conviction. (Complaint at 11.)
7   As such allegations are based on the conduct of defendants within the scope of their
8   prosecutorial duties, they are immune from liability arising out of such allegations.
9
10  **III.    Defendants Norman, Trichel and Nguyen are not liable as state actors for**
11          **purposes of a § 1983 claim.**
12          Plaintiff's claims against these defendants are untenable because these
13  particular defendants are not subject to liability under 42 U.S.C. § 1983.   The
14  Supreme Court has held that court-appointed criminal defense attorneys are not state
15  actors, and, therefore, are not subject to section 1983 liability, when they are acting
16  in the capacity of an advocate for their clients.  A "lawyer representing a client is not,
17  by virtue of being an officer of the court, a state actor 'under color of state law'
18  within the meaning of § 1983." Polk Cnty. v. Dodson, 454 U.S. 312, 318, 102 S. Ct.
19  445, 70 L. Ed. 2d 509 (1981). In Polk, the Supreme Court held that a public defender,
20  even though employed by the State, is not subject to section 1983 liability when
21  acting in the capacity of an attorney.   The Polk court found that when a public
22  defender is performing the traditional role of an attorney representing a client, the
23  lawyer is not a state actor, despite the fact that a public defender is paid by
24  government funds and hired by a government agency.  Id. at 321.  Instead, the Court
25  concluded that the job of a public defender is to advance the interests of his client,
26  which ". . . is essentially a private function, traditionally filled by retained counsel,
27  for which state office and authority are not needed." Id. at 319; see also Miranda v.
28  Clark Cnty., Nev., 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

7

As such, the claims asserted in the Complaint against these defendants fail to state a cognizable cause of action under 42 U.S.C. § 1983, as the defendants' actions, as alleged, cannot be fairly attributed to the government.  (See also Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982).

**IV.   Defendants Malloy, Arreloa, Morgan, Webster, Thierbach, Luebs and Kinter are immune from suit pursuant to the doctrine of judicial immunity.**

The United States Supreme Court repeatedly has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages arising under federal civil rights statutes .  See, e.g., Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); Mireles v. Waco, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991).  Moreover, "[s]uch immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'"  Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985).

Here, plaintiff's allegations against defendants Malloy, Arreloa, Morgan, Webster, Thierbach, Luebs and Kinter arise out of conduct which occurred within the course and scope of the judicial proceedings before these defendants.  As such, it would appear that the actions of defendants Malloy, Arreloa, Morgan, Webster, Thierbach, Luebs and Kinter are governed by the doctrine of judicial immunity, which would absolutely immunize these defendants from any liability.  See Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (noting that "the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him"); Bradley v. Fisher, 80 U.S. 335, 354, 20 L. Ed. 646 (1871) (holding that judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of

their jurisdiction and are alleged to have been done maliciously or corruptly); see also Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (as amended) (noting that even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity").  Likewise, plaintiff's allegations to the effect that defendants Malloy, Arreloa, Morgan, Webster, Thierbach, Luebs and Kinter conspired with the other defendants herein are insufficient to overcome his absolute immunity.  See Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

******************

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document.  The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: August 20, 2013

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE