UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ALEXANDER BOYD,<br><br>                Plaintiff,<br><br>   vs.<br><br>COUNTY OF RIVERSIDE, ET AL,<br><br>                Defendants. | Case No. EDCV 13-1282-JVS (DTB)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

      Plaintiff, a pretrial detainee, while incarcerated at the Riverside County Southwest Detention Center in Murrieta, California filed this pro se action on August 3, 2013. The gravamen of plaintiff's claims was that certain defendants broke into a private dwelling, caused property damage, beat, kicked and spit on plaintiff, used deadly force, and planted drugs on him while using racial slurs. Plaintiff further claimed that other defendants wrongfully accused him and/or prosecuted him with regard to allegedly false criminal charges, or otherwise failed to protect him from false prosecution. (Complaint at 5.)

      The Complaint named as defendants in both their individual and official capacities: Absolute Fugitive Recovery Agency ("AFRA"); three AFRA employees:

1 Malina Click ("Click"), Benjamin Conway ("Conway"), and Benjamin Conway, Jr. ("Conway Jr."); County of Riverside ("County"), Riverside County Sheriff's employees: Mike Giammona ("Giammona"), Deputy Thurman ("Thurman") and Captain Mayman; Riverside County District Attorneys Kristen Buie ("Buie"), Tara Foy ("Foy"), and Nicole Marian ("Marian"); Riverside County Public Defenders Paulette Norman ("Norman"), Alexa Trichel ("Trichel"), and Monica Nguyen ("Nguyen"); Riverside County Superior Court Judges John D. Malloy ("Malloy"), Rafael A. Arreloa, Retired ("Arreloa"), Charles Morgan, Retired ("Morgan"), Edward D. Webster, Retired ("Webster"), Christian F. Thierbach ("Thierbach"), Roger A. Luebs, Retired ("Luebs"), and Janet I. Kinter ("Kinter").

In accordance with 28 U.S.C. § 1915(e)(2), the Court screened the Complaint prior to ordering service for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief might be granted; or sought monetary relief against a defendant who was immune from such relief. After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court found that its allegations were insufficient to state a claim on which relief might be granted for violation of plaintiff's federal civil rights. Accordingly, on August 20, 2013, the Court issued an Order Dismissing Complaint With Leave to Amend. Plaintiff was advised that if he still desired to pursue this action, he was ordered to file a First Amended Complaint within 30 days remedying the deficiencies discussed in the dismissal order.

On September 19, 2013, plaintiff filed a First Amended Complaint ("FAC") herein. Named as defendants in the FAC in both their individual and official capacities are the same defendants named in the original Complaint. However, plaintiff has also named Riverside County Superior Court Judge Michael B. Donner ("Donner") as a defendant.

As best the Court can glean from the allegations of the FAC, the gravamen of plaintiff's claims remains essentially the same. Specifically, plaintiff alleged that on

May 23, 2011, he was taken from the Riverside County Southwest Justice Center to a nearby hospital for a medical emergency, and a bench warrant was issued for plaintiff's arrest. (Id.) Plaintiff alleged that certain defendants subsequently located him at a private residence, which was not listed on the bench warrant. These defendants thereafter illegally entered the residence, planted drugs on plaintiff, used deadly force upon him, and caused property damage to the residence. (Id.) Thereafter, he was unlawfully prosecuted for criminal conduct, which was based on false evidence. (Id.) Finally, plaintiff alleges that certain defendants have denied him medical care and other privileges while detained by Riverside County. (FAC at 5, 9.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" (the "PLRA"), the Court now has screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The Court's screening of the FAC under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) Lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard ... applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "[A] liberal interpretation of a civil rights

complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982)).

Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and complete statement of the claim showing that the pleader is entitled to relief." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," and that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Where the allegations in a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief'." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), quoting Fed. R. Civ. P. 8(a)(2). Thus, plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

After careful review and consideration of the FAC under the foregoing standards, the Court finds that it suffers from the pleading deficiencies discussed below. Accordingly, the FAC is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given

leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment). If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint within thirty (30) days of the date of this Order remedying the deficiencies discussed below.

## DISCUSSION

### I. Plaintiff's allegations are insufficient to state a § 1983 claim for monetary damages against the County of Riverside, or against any of the named defendants in their official capacities.

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (as amended). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166 (emphasis in original). For purposes of plaintiff's federal civil rights claims, that entity is the County of Riverside ("Riverside").

A local government entity such as Riverside, including a county department, such as the Riverside County Sheriff's Department ("RCSD"), "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, Riverside may not be held liable for the alleged actions of its employees, including police officers, unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's

officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." See Monell, 436 U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Here, plaintiff has failed to identify any policy statements of Riverside or any Riverside County Sheriff's Department regulations, or officially adopted or promulgated decisions, the execution of which by Riverside County Sheriff's Department officers or employees allegedly led to the infliction of the injuries about which he is complaining. Thus, to the extent the FAC names any of the individual defendants in their official capacities, it fails to state a cause of action. As such, it must be dismissed.

## II.  Defendants Buie, Foy, and Marian are immune from suit pursuant to the doctrine of prosecutorial immunity.

The law is well established that prosecutors are entitled to absolute immunity from federal civil rights claims. See, e.g., Imbler v. Pachtman, 424 U.S. 409, 427, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); Sykes v. State of Cal. (Dept. of Motor Vehicles), 497 F.2d 197, 200 (9th Cir. 1974). This immunity applies even if it "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." See id. Moreover, the immunity extends to all "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." See Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993). Thus, for example, in Imbler, the Supreme Court held that prosecutors were immune from claims that they had knowingly used false testimony at trial, had deliberately suppressed exculpatory evidence, and had prosecuted the defendant with knowledge that he had been "cleared" by a lie detector

test.  See Imbler, 424 U.S. at 416; see also, e.g., Burns v. Reed, 500 U.S. 478, 492, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (holding that the prosecutor's conduct in appearing in court in support of an application for a search warrant and in presenting evidence at that hearing was protected by absolute immunity); Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 781-82 (9th Cir. 2001) (holding that prosecutor's conduct in sending plaintiff a letter informing him that he had been charged with trespass and directing him to present himself at the police station for arrest and booking under the threat of a bench warrant was protected by absolute immunity).  The Supreme Court also has held that prosecutors are immune even from "administrative" failures if they are directly connected with the conduct of a trial, including supervision and training on impeachment-related information and the creation of information management systems relating to such evidence.  See Van de Kamp v. Goldstein, – U.S. –, 129 S. Ct. 855, 172 L. Ed 2d 706 (2009).  Even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony, and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984).  Nor does it make any difference if the plaintiff is alleging that the prosecutors were engaged in a conspiracy to violate his civil rights.  See Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (as amended).

Here, the FAC alleges that defendants Buie, Foy and Marian "conspired to maliciously prosecute" him, withheld exculpatory evidence, and "padded" his "file" by falsifying documents and sobering perjury. (See, e.g., FAC at 7, 8.)  Such allegations are based on the conduct of defendants within the scope of their prosecutorial duties, and, therefore, they are immune from liability.

/ / /
/ / /
/ / /
/ / /

### III. Defendants Malloy, Arreloa, Morgan, Webster, Thierbach, Luebs, Kinter and Donner are immune from suit pursuant to the doctrine of judicial immunity.

The United States Supreme Court repeatedly has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages arising under federal civil rights statutes . See, e.g., Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); Mireles v. Waco, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Moreover, "[s]uch immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985).

Here, plaintiff's allegations against defendants Malloy, Arreloa, Morgan, Webster, Thierbach, Luebs, Kinter and Donner arise out of conduct which occurred within the course and scope of the judicial proceedings before these defendants. As such, it would appear that the actions of defendants Malloy, Arreloa, Morgan, Webster, Thierbach, Luebs, Kinter and Donner are governed by the doctrine of judicial immunity, which would absolutely immunize these defendants from any liability. See Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (noting that "the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him"); Bradley v. Fisher, 80 U.S. 335, 354, 20 L. Ed. 646 (1871) (holding that judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly); see also Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (as amended) (noting that even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity"). Likewise, plaintiff's allegations to the effect that defendants Malloy, Arreloa, Morgan, Webster, Thierbach, Luebs,

1  Kinter and Donner conspired with the other defendants herein are insufficient to
2  overcome their absolute immunity. See Ashelman v. Pope, 793 F.2d 1072, 1078 (9th
3  Cir. 1986).

**IV.    Defendants Norman, Trichel and Nguyen are not liable as state actors for purposes of a § 1983 claim.**

Plaintiff's claims against these defendants are untenable because, as, deputy public defenders, these particular defendants are not subject to liability under 42 U.S.C. § 1983. The Supreme Court has held that court-appointed criminal defense attorneys are not state actors, and, therefore, are not subject to section 1983 liability, when they are acting in the capacity of an advocate for their clients. A "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk Cnty. v. Dodson, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981). In Polk, the Supreme Court held that a public defender, even though employed by the State, is not subject to section 1983 liability when acting in the capacity of an attorney. The Polk court found that when a public defender is performing the traditional role of an attorney representing a client, the lawyer is not a state actor, despite the fact that a public defender is paid by government funds and hired by a government agency. Id. at 321. Instead, the Court concluded that the job of a public defender is to advance the interests of his client, which ". . . is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." Id. at 319; see also Miranda v. Clark Cnty., Nev., 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

As such, the claims asserted in the FAC against these defendants fail to state a cognizable cause of action under 42 U.S.C. § 1983, as the defendants' actions, as alleged, cannot be fairly attributed to the government. (See also Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982).

/ / /

If plaintiff chooses to file a Second Amended Complaint, it should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the FAC, or any other pleading, attachment, or document. The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

As this will be plaintiff's second opportunity to amend his complaint to rectify pleading deficiencies, the Court advises plaintiff that it generally will not be well disposed toward another dismissal which is without prejudice and with leave to amend if plaintiff files a Second Amended Complaint which still does not cure the deficiencies raised by the Court, or which attempts to allege a claim against the defendants who are immune from prosecution. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (Valerie Baker Fairbank, J.) (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987) (quoting Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980))); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). See, e.g., Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) ("Kaplan has already amended the complaint twice . . . .") (citing DCD Programs); Zavala v. Bartnik, 348 F. App'x 211, 213 (9th Cir. 2009)[1] (Kleinfeld, M. Smith, Ikuta) ("Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so."); Smith v. Solis, 331 F. App'x 482,

---

[1] Cited for its persuasive authority pursuant to Ninth Circuit Rule 36-3.

1  482-83 (9th Cir. 2009) (Harry Pregerson, Canby, Berzon) ("The district court
2  properly dismissed the action with prejudice because Smith's second amended
3  complaint did not state a claim for deliberate indifference and Smith failed to correct
4  the defects."); <u>Arlow v. Calif. Dep't of Corrs.</u>, 168 F. App'x 249, 250 (9th Cir. 2006)
5  ("Because the district court had already allowed Arlow an opportunity to cure the
6  deficiencies in his original complaint and had provided specific instructions on
7  appropriate pleading [of an Eighth Amendment claim], we cannot say that the district
8  court abused its discretion by dismissing [*pro se* former prisoner] Arlow's amended
9  complaint without granting leave to amend.").

11  DATED: October 10, 2013

                                    _____
                                    DAVID T. BRISTOW
                                    UNITED STATES MAGISTRATE JUDGE